**INTERNATIONAL ORDER OF TWELVE KNIGHTS AND DAUGHTERS OF TABOR v. WILLIAMS et al.**

**No. 2285.**

Court of Civil Appeals of Texas. Beaumont.

Nov. 23, 1932.

W. R. Blain, of Beaumont, for appellant.

Cousins & Bell, of Beaumont, for appellees.

WALKER, C. J.

Amanda Waters died on December 3, 1930. At the time of her death she claimed to hold a life insurance policy issued to her by appellant, International Order of Twelve Knights and Daughters of Tabor, in 1915 for $300, under which John Williams and Mary Clay, her son and daughter, were, beneficiaries. After her death, demand for payment of the policy was made by appellees upon appellant, which was refused. Thereupon, they instituted this suit upon the usual allegations of liability and prayed for the principal amount of the policy in the sum of $300, with $75 additional as a burial fee and for 12 per cent. damages and reasonable attorney's fees in the sum of $150. Appellant answered by general and special demurrers and general denial; and by pleading specially that it was "a mutual benefit society, or fraternal benefit society"; and that, under its by-laws, the local lodge in which Amanda Waters was a member was defunct at the time of her death; and that, at the time of her death, she was delinquent in the payment of the assessments against her policy; and that, under its by-laws, the facts thus pleaded made void the policy sued upon. To this answer appellees filed no pleas of estoppel or ratification or made any answer whatever. The trial was to the court without a jury, with judgment in favor of appellees for the principal amount of the policy, 12 per cent. damages, and $100 as attorney's fees. The appeal was duly perfected to this court.

Opinion.

The record contains a plea of estoppel or ratification by appellees, but this plea was filed long after the adjournment of the term of court at which this cause was tried. Of course, the issues of the appeal must be determined by the issues made by the pleadings upon which the case was tried. The judgment cannot be affirmed in favor of appellees upon issues not raised by their pleadings. On this statement, the judgment of the lower court must be reversed. Appellant established, as a matter of law, both the special defenses pleaded by it, that is, at the time of the death of Amanda Waters, she was delinquent in the payment of her policy assessments, and the lodge to which she belonged was defunct. Under the by-laws, these facts made the policy void. But because it reasonably appears that appellees may be able to establish against appellant the issue of estoppel or ratification, we remand the case for a new trial instead of rendering judgment here for appellant.

If, upon another trial, appellant establishes the defense that it is "a mutual benefit

society, or fraternal benefit society," it would not be liable for damages and attorney's fees, since the law, as it was at the time of Amanda Waters' death, specially exempted it from liability for these charges.

Reversed and remanded.